KILPATRICK TOWNSEND & STOCKTON LLP
JAMES SMITH (State Bar No. 190050)
James.Smith@ktslaw.com
KEVIN L. QUAN (State Bar No. 317798)
KQuan@ktslaw.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:　415 576 0200
Facsimile:　415 576 0300

Attorneys for Defendant
MOVEMENT MORTGAGE, LLC

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| CANDICE DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOVEMENT MORTGAGE, LLC, and<br>DOES 1 to 100, inclusive,<br><br>　　　　　Defendant. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed:　　August 23, 2024 |

**TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

　　**PLEASE TAKE NOTICE** that Defendant Movement Mortgage, LLC ("Movement Mortgage") hereby removes this action from the Superior Court for the State of California, in and for the County of Placer, to the United States District Court for the Eastern District of California. This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(b), for the reasons stated below:

/ / /

/ / /

## I.   PROCEDURAL HISTORY

1.   On August 23, 2024, Plaintiff Candice Davis ("Plaintiff") filed her complaint with the Superior Court for the State of California, in and for the County of Placer (the "Superior Court"), entitled "*Candice Davis, Plaintiff v. Movement Mortgage, LLC, and DOES 1 to 100, inclusive,*" designated as Case Number S-CV-0053460 ("Complaint").

2.   The Complaint alleges the following causes of action: (1) Discrimination in Violation of the FEHA; (2) Failure to Prevent Discrimination in Violation of the FEHA; (3) Discriminatory Pay Practices; (4) Failure to Pay Overtime Compensation; (5) Failure to Provide Compliant Meal Periods or Premiums; (6) Failure to Provide Compliant Rest Periods or Premiums; (7) Failure to Furnish Accurate Itemized Wage Statements; (8) Failure to Reimburse for Necessary Business Expenses; (9) Unlawful, Deceptive, and/or Unfair Business Practices; and (10) Declaratory Relief.

3.   The Summons and Complaint were served on Movement Mortgage's agent for service of process on September 11, 2024.  [*See* Declaration of James Smith ("Smith Decl.") ¶ 2, Ex. A.]

4.   Based on information and belief, no other pleadings have been filed in this matter.

5.   As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this matter.  Because no other defendant has been served, they need not join or consent to Movement Mortgage's Notice of Removal. [*Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-679 (9th Cir. 1925) (named defendants not yet served in state court action need not join the notice of removal).]

## II.   REMOVAL IS BASED ON DIVERSITY JURISDICTION

6.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  This action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7.   Further, because the United States District Court for the Eastern District of California has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, this action may

be removed in its entirety pursuant to 28 U.S.C. § 1441(a) and (b).  In addition, this Court has supplemental jurisdiction over all state claims that are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

### A.    Plaintiff's Citizenship

8.    To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state.  [*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).] Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  [*Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).]  Residence is *prima facie* evidence of domicile.  [*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).]

9.    An existing domicile is presumed to continue.  [*Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014).]  It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  [*Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).]

10.    Movement Mortgage is informed and believes, and on that basis alleges, that Plaintiff is now, and was at all material times, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).  [*See* Smith Decl. ¶ 2, Ex. A, Compl. ¶ 10.]  Accordingly, Plaintiff is domiciled in and a citizen of the State of California for the purposes of diversity jurisdiction.  [*See Sololoff v. LRN Corp.*, 2013 WL 4479010, at *2-3 (C.D. Cal. Aug. 19, 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "prima facie evidence of his domicile, and thus of his citizenship").]

/ / /

/ / /

NOTICE OF REMOVAL
CIVIL ACTION NO.                                                                                            - 3 -

**B.      Movement Mortgage's Citizenship**

11.    A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." [28 U.S.C. § 1332(c)(1).] A corporation's "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center." [*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).] In practice, the nerve center is normally the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination. [*Id.*]

12.    For purposes of determining jurisdiction, Defendant Movement Mortgage, LLC, as a limited liability company, is a citizen of every state of which its owners/members are citizens. [*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).] The members of Movement Mortgage, LLC are Abram's Promise, Inc. and Harris Covenant, Inc. [Declaration of Nancy Pezold ("Pezold Decl.") ¶ 3.]

13.    Abram's Promise, Inc. is a corporation organized under the laws of the State of North Carolina with its principal place of business in Indian Land, South Carolina. [Pezold Decl. ¶ 3.]

14.    Harris Covenant, Inc. is a corporation organized under the laws of the State of Virginia with its principal place of business in Richmond, Virginia. [Pezold Decl. ¶ 3.]

15.    Thus, Movement Mortgage, LLC is a citizen of North Carolina, South Carolina, and Virginia for purposes of diversity jurisdiction.

16.    To Movement Mortgage's knowledge, there are no Doe defendants. However, assuming the existence of any, they are and would be fictitious defendants and are not parties to this action. Unnamed defendants sued as Does also are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. [*See* 28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).]

**C.      Complete Diversity Exists**

17.    Because Plaintiff is a citizen of California and Movement Mortgage is a citizen of North Carolina, South Carolina, and Virginia, complete diversity of citizenship exists.

**D.    Amount In Controversy**

18.    The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  [28 U.S.C. § 1332(a).]

19.    Establishing the $75,000 threshold necessary for diversity jurisdiction is not burdensome.  When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  [*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).]

20.    The failure of the complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  [*See, e.g., Saulic v. Symantec Corp.*, 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007).]  A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum.  [*Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).]

21.    Movement Mortgage denies Plaintiff's allegations, denies any liability, and denies that Plaintiff has suffered any damages.  [Smith Decl. ¶ 12.]  Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.  [*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489,491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).]  This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party.  [*See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).]  Therefore, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.  [*Galt G/S*, 142 F.3d at 1155.]

22.    The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute.  [*Galt G/S*, 142 F.3d at 1155-56.]

23.    <u>Special Damages</u>.  In this instance, the Complaint and Prayer for Relief contained therein reasonably demonstrate that the amount in controversy does, in fact, exceed $75,000. Plaintiff is seeking "economic losses," including lost wages and earnings, in addition to actual, consequential and incidental financial losses, future employment earnings, employment benefits, other economic damages, prejudgment interest, compensatory damages, emotional distress damages, restitution, and punitive damages.  [Smith Decl. ¶ 2, Ex. A, Compl. ¶¶ 5, 24-28, 39, 46-48, 54-55, 59, 62, 68, 73, 78, 83-84, 89, 98-99, 101, and Prayer for Relief.]

24.    Plaintiff's first three causes of action are for discrimination and failure to prevent discrimination in violation of California's Fair Employment and Housing Act and for discriminatory pay practices in violation of California's Labor Code.  [Smith Decl. ¶¶ 2, 5, Ex. A.] In short, Plaintiff alleges that she was paid less than her male colleagues.  [Smith Decl. ¶ 5.] While Plaintiff's Complaint does not allege the amount in controversy she is seeking, the parties have had multiple discussions, including engaging in an unsuccessful mediation.  [*Id.*]  Aside from any confidential settlement communications, Movement Mortgage understands that Plaintiff has claimed since the Summer of 2023 that she is entitled to more than $1,900,000 as a result of her discriminatory pay practices claim, based on alleged pay disparities since 2019.  [*Id.*]

25.    The Ninth Circuit recently clarified that future lost wages, *i.e.*, lost wages beyond the date of removal, are properly considered in determining the amount in controversy.  [*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).]  The court explained that the correct measure is the "amount at stake in the underlying litigation."  [*Id.* (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).]  The court held that the fact that "the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy," explaining:

> If a plaintiff claims at the time of removal that her termination caused her to lose
> future wages, and if the law entitles her to recoup those future wages if she

> prevails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are presently in controversy.

[*Id.*] Accordingly, the proper measure of lost wages (as well as other claimed damages) for the amount in controversy is the amount which would be incurred up until the date of trial.

26. Here, Plaintiff alleges that she earned a monthly draw of $2,600. [Smith Decl. ¶ 2, Ex. A, Compl. ¶ 31.] Thus, dividing Plaintiff's alleged monthly draw by 40 hours per week and then multiplying by 8 hours per day, Plaintiff's daily rate of pay was $120.00, and her weekly rate of pay was $600.00. [Smith Decl. ¶ 6.] Plaintiff filed her lawsuit on August 23, 2024. Based on a four-year estimate, there would be 208 workweeks from August 23, 2024 to an estimated trial date. At Plaintiff's hourly rate of pay, 208 weeks of lost wages totals approximately $124,800.00. [Smith Decl. ¶ 7.]

27. Likewise, Plaintiff seeks future lost wages, known as front pay, of an undefined duration. Front pay awards in California may span a number of years. [*See Smith v. Brown-Forman Distillers Corp.,* 96 Cal. App. 3d 503, 518 (1987); *Rabago-Alvarez v. Dart Industries, Inc.,* 55 Cal. App. 3d 91, 97-98 (1976).] Assuming a modest award of one year of front pay from the date of the anticipated trial, that sum would equal approximately $31,200.00, for a subtotal claim for back pay and front pay of $156,00.00. [Smith Decl. ¶ 7.]

28. Additionally, Plaintiff's Complaint seeks statutory damages and penalties for alleged wage and hour violations. [Smith Decl. ¶ 2, Ex. A, Compl. ¶ 84.] Specifically, Plaintiff seeks "an aggregate penalty not to exceed $4,000" for damages pursuant to Labor Code section 226. [*Id.*] Additionally, Plaintiff seeks additional penalties for alleged missed meal and rest breaks. [Smith Decl. ¶¶ 2, 8, Ex. A, Compl. ¶¶ 69-78.] Plaintiff's Complaint does not quantify the amount sought for her meal and rest break claims but alleges that she was "routinely" not provided breaks. [*Id.*] Even assuming a quarter of the time period in her Complaint, Plaintiff's claim for meal and rest period premiums would be $7,800.00 in penalties. [Smith Decl. ¶ 8.]

29. General Damages, Including Emotional Distress. Plaintiff also seeks an award of emotional distress damages. [Smith Decl. ¶ 2, Ex. A, Compl. ¶¶ 24, 26, 46, 54, and Prayer for

NOTICE OF REMOVAL
CIVIL ACTION NO.                                                                 - 7 -

Relief.] Emotional distress damages have value for purposes of determining the amount in controversy. [*See Kroske,* 432 F.3d at 980; *see also Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial"); *Ontiveros v. Michaels Stores, Inc.*, 2013 WL 815975, at *2 (C.D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *Marcel v. Pool Co.,* 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy was satisfied).]

30.    Recent verdicts in employment cases demonstrate that emotional distress awards can be significant:

i.    *Lave v. Charter Communications, LLC,* Superior Court, Riverside County, Case No. RIC 1508865, 2017 WL 2901375 (Cal. Super. Ct. June 7, 2017) (verdict awarding $575,000 in emotional distress damages where plaintiff experienced depression, insomnia, irritability, and anxiety).

ii.    *Andrews vs. Hans a Stars Inc.,* Superior Court, Los Angeles County, Case No. BC384912, 2009 WL 1587809 (Cal. Super. Ct. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs were awarded $375,000 and $225,000 for emotional distress damages).

iii.    *Sonia Lozano v. Alcoa Inc., Alcoa Fastening Systems,* Superior Court, Los Angeles County, Case No. BC329868, 2006 WL 2561276 (Cal. Super. Ct. Apr. 19, 2006) (jury awarded the plaintiff $9,065,000 after determining that the plaintiff was wrongfully terminated and that defendant intentionally inflicted emotional distress on her).

iv.    *Silverman vs. Stuart F. Cooper Inc.,* Superior Court, Los Angeles County, Case No. BC467464, 2013 WL 5820140 (Cal. Super. Ct. July 19, 2003) (jury awarded the plaintiff $151,333 for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case).

NOTICE OF REMOVAL
CIVIL ACTION NO.                                                                                                  - 8 -

[Smith Decl. ¶ 9.]

31.   Punitive Damages.  Plaintiff also seeks to recover punitive damages as alleged in the Complaint and in her Prayer for Relief.  [Smith Decl. ¶ 2, Ex. A, Compl. ¶¶ 27, 48, 55, and Prayer for Relief.]  "It is well established that punitive damages are part of the amount in controversy in a civil action."  [*Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001).]  Where a plaintiff alleges serious claims for a defendant's misconduct and seeks both compensatory and punitive damages, courts have found it to be facially apparent that the matter in controversy exceeds $75,000.  [*See, e.g., White v. FCI USA, Inc.,* 319 F.3d 672, 674-76 (5th Cir. 2003); *Luckettv. Delta Airlines, Inc.,* 171 F.3d 295,298 (5th Cir. 1999).]  For instance, the Court might find useful the following punitive damages verdicts:

i.   *Yang v. ActionNet, Inc.,* 2016 WL 2748603 (C.D. Cal. Mar. 18, 2016) (wrongful termination case where $2,400,000 in compensatory damages and $5,000,000 in punitive damages awarded to the plaintiff).

ii.   *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid,* Superior Court, Los Angeles County, Case No. BC511139, 2015 WL 4748037 (Cal. Super. Ct. July 17, 2015) (Employee alleged wrongful termination, disability discrimination, harassment, and retaliation in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment, and retaliation.  Jury verdict for the plaintiff in the amount of $8,769,128, including $5,000,000 in punitive damages, $213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, and $1,000,000 for future economic loss).

iii.   *Verdine v. McDonnel-Douglas Corporation et al.*, Superior Court, Los Angeles County, Case No. BC-168266, 1998 WL 35471332 (Cal. Super. Ct. July 7, 1998) ($26,000,000 in punitive damages, $544,205 in economic damages; and $1,500,000 in non-economic damages awarded in wrongful termination case).

iv.   *Songco v. Century Quality Management, Inc.*, Superior Court, Los Angeles County, Case No. BC-118303, 1997 WL 682397 (Cal. Super. Ct. Oct. 13, 1997) ($245,000 in punitive damages on $17,982 in compensatory damages awarded in wrongful termination case).

[Smith Decl. ¶ 10.]

32. Although Movement Mortgage adamantly denies that any award of damages, let alone punitive damages, is recoverable, Plaintiff's prayer for punitive damages, by itself, also satisfies the $75,000 amount in controversy requirement.

33. Attorneys' Fees. Moreover, Plaintiff seeks to recover her attorneys' fees as provided by statute. [Smith Decl. ¶ 2, Ex. A, Compl. ¶¶ 47, 62, 84, 112, and Prayer for Relief.] Where an underlying statute authorizes the award of attorneys' fees, as is the case here, such fees may be included in calculating the amount in controversy. [*See Galt G/S*, 142 F.3d at 1156; *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992).] Here, Plaintiff's causes of action under California's Fair Employment and Housing Act carry a prevailing party attorneys' fee provision. [*See* Cal. Govt. Code § 12965(b).]

34. As other courts have noted, litigating employment actions often "require substantial effort from counsel." [*Simmons*, 209 F. Supp. 2d at 1035.] Indeed, "attorneys' fees in individual discrimination cases often exceed the damages." [*Id.*] Reasonable attorneys' fees for a successful employment case through trial could not possibly be less than $75,000. [*Id.*] It is more likely that Plaintiff's attorneys' fees, alone, will exceed $75,000 if this matter goes to trial. [Smith Decl. ¶ 11.]

35. Although Movement Mortgage denies any award of damages is appropriate here, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000, exclusive of costs and interest. [Smith Decl. ¶ 12.] Accordingly, this State Court action may be removed to the United States District Court for the Eastern District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## III. TIMELINESS OF REMOVAL

36. Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, . . ." The 30-day period for removal is triggered once service occurs. [*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or

receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").]

37.　Movement Mortgage was served with the complaint on September 11, 2024, through its registered agent for service of process. [Smith Decl. ¶ 2.] Movement Mortgage files this Notice of Removal on October 11, 2024. As such, Movement Mortgage's Notice of Removal is timely.

**IV.　NOTICE PROVIDED TO STATE COURT AND PLAINTIFF**

38.　In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff and filed with the Clerk of the Placer County Superior Court. [Smith Decl. ¶ 3, Ex. B.] Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

39.　This Notice of Removal is effected properly and timely pursuant to 28 U.S.C. sections 1441 and 1446.

40.　Venue is proper in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court where the removed case was pending is located within this District.

**V.　INTRADISTRICT ASSIGNMENT**

41.　Intradistrict Assignment: Assignment to the Sacramento or Redding Division is proper because the state action filed by Plaintiff is pending in Placer County Superior Court and arose in Placer County. [28 U.S.C. §§ 1441(a), 1446(a); Local Rule 120(d).]

WHEREFORE, Movement Mortgage removes the above-entitled action now pending in the Superior Court of the State of California for the County of Placer to this Court.

DATED: October 11, 2024　　　　Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
　　　JAMES SMITH
　　　KEVIN L. QUAN

Attorneys for Defendant
MOVEMENT MORTGAGE, LLC

NOTICE OF REMOVAL
CIVIL ACTION NO.　　　　　　　　　　　　　　　　　　　- 11 -

**CERTIFICATE OF SERVICE**

I declare I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to this action. My business address is Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, San Francisco, CA 94111.

On the date set forth below, I served the following document entitled: **NOTICE OF REMOVAL** on the interested parties in this action, as follows:

| COUNSEL FOR PLAINTIFF | |
|---|---|
| Carolyn H. Cottrell<br>Schneider Wallace Cottrell Konecky LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>Tel.: 415-421-7100<br>Fax: 415-421-7105<br>Email: ccottrell@schneiderwallace.com | Esther L. Bylsma<br>Sandra Acosta Tello<br>Schneider Wallace Cottrell Konecky LLP<br>300 S. Grand Avenue, Suite 2700<br>Los Angeles, CA 90071<br>Tel: 213-835-1500<br>Fax: 415-421-7105<br>Email: ebylsma@schneiderwallace.<br>sacostatello@schneiderwallce.com |

☒ [By E-Mail] I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above.

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the foregoing document at my place of business, by placing true copies thereof, enclosed in sealed envelopes, with first class postage thereon fully prepaid, for collection and mailing with the United States Postal Service where they would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on October 11, 2024.

/s/ Abby Ako-Nai
Abby Ako-Nai

78837573V.1
NOTICE OF REMOVAL
CIVIL ACTION NO.                                                                                          - 12 -