UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CANDICE DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>MOVEMENT MORTGAGE, LLC and DOES 1 through 100, inclusive,<br><br>            Defendants. | No. 2:24-cv-02812 WBS JDP<br><br>ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION |

----oo0oo----

Plaintiff Candice Davis, an employee of defendant Movement Mortgage, LLC, filed this action in Placer County Superior Court on August 23, 2024, bringing wage-and-hour claims under the California Labor Code and gender discrimination claims under the Labor Code and California Fair Employment and Housing Act.  (Docket No. 1-2.)  Defendant removed to this court on the basis of diversity.  (Docket No. 1.)  Defendant now moves to compel the arbitration of all claims.  (Docket No. 6.)

Plaintiff previously initiated an arbitration before the American Arbitration Association ("AAA"), alleging wage-and-

1

1 | hour violations under the Labor Code.  (Docket No. 6-3.)  The
2 | arbitration was terminated following defendant's failure to pay
3 | the required fee, which defense counsel attributes to
4 | inadvertence.  (See Docket No. 6-1 ¶ 5.)
5 |     It is undisputed that the parties are subject to a
6 | valid arbitration agreement that covers the claims at issue.
7 | Plaintiff argues that defendant's failure to pay the arbitration
8 | fee constitutes waiver of its right to arbitrate.
9 |     Even assuming defendant's failure to pay the fees
10 | constituted a waiver, the arbitration demand provided "no
11 | indication" that plaintiff would also assert discrimination
12 | claims, and defendant "cannot be said to have 'known' that it
13 | could compel arbitration on claims that it did not even know
14 | existed."  See Musharbash v. JPMorgan Chase Bank, No. 2:22-cv-
15 | 02320 DAD KJN, 2024 WL 919186, at *5 (E.D. Cal. Mar. 1, 2024)
16 | (quoting Morgan v. Sundance, Inc., 596 U.S. 411, 417 (2022)).
17 | Indeed, the new discrimination claims involve entirely different
18 | legal theories and would require different proof, for example
19 | evidence of discriminatory intent and pay disparity in comparison
20 | to other employees.
21 |     As the complaint in this action "unexpectedly change[d]
22 | the scope or theory of the plaintiff's claims," defendant is
23 | permitted to "rescind [its] earlier waiver."  See Krinsk v.
24 | SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011) (cited
25 | with approval in Burton v. Ghosh, 961 F.3d 960, 967 (7th Cir.
26 | 2020)); cf. Kim v. Hanlees Seven, Inc., No. 18-cv-00472 JSW, 2019
27 | WL 13256105, at *4 (N.D. Cal. July 1, 2019) (defendants' "right
28 | to compel arbitration has not been revived by the filing of the

1  amended complaint" because the newly asserted claims were
2  "contained within the scope of Plaintiff's original complaint").
3  Accordingly, defendant has not waived its right to compel
4  arbitration.
5         Separately, plaintiff argues that the motion should be
6  denied based on California Code of Civil Procedure § 1281.97,
7  which provides: "In an employment or consumer arbitration that
8  requires . . . the drafting party to pay certain fees and costs
9  before the arbitration can proceed, if the fees or costs to
10 initiate an arbitration proceeding are not paid within 30 days
11 after the due date the drafting party is in material breach of
12 the arbitration agreement, is in default of the arbitration, and
13 waives its right to compel arbitration."
14        Defendant argues that this statute is preempted by the
15 Federal Arbitration Act ("FAA").  There is a split among the
16 district courts on this issue, see Lee v. Citigroup Corp.
17 Holdings, No. 22-cv-02718-SK, 2023 WL 6132959, at *2 (N.D. Cal.
18 Aug. 29, 2023) (recognizing split), which is pending
19 consideration by the California Supreme Court, see Keeton v.
20 Tesla, 555 P.3d 2 (Cal. 2024); Hohenshelt v. Superior Ct., 549
21 P.3d 143 (Cal. 2024).  For the following reasons, this court
22 sides with the courts that have found the California statute
23 preempted.
24        The FAA "preempts any state rule discriminating on its
25 face against arbitration."  Viking River Cruises, Inc. v.
26 Moriana, 596 U.S. 639, 650 (2022).  This rule is premised on the
27 FAA's "equal-treatment principle," under which "a court may
28 invalidate or refuse to enforce an arbitration agreement based on

3

generally applicable contract defenses . . . but not on legal rules that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Id. (cleaned up); see also Kindred Nursing Centers Ltd. P'ship v. Clark, 581 U.S. 246, 252 (2017) (indicating that rules that are "too tailor-made to arbitration agreements" are preempted by the FAA); Morgan, 596 U.S. at 418 (the policy underlying the FAA is to "make arbitration agreements as enforceable as other contracts, but not more so") (cleaned up, emphasis added). Section 1281.97 "violates the equal-treatment principle under [the FAA] because it makes arbitration provisions unenforceable on arbitration-specific grounds." Belyea v. GreenSky, Inc., 637 F. Supp. 3d 745, 756 (N.D. Cal. 2022); see also Lee, 2023 WL 6132959, at *2; Russell v. Siemens Indus. Software Inc., No. 23-cv-03884 LJC, 2024 WL 4545970, at *10 (N.D. Cal. Oct. 21, 2024). Section 1281.97 is therefore preempted by the FAA and is inapplicable here.

    IT IS THEREFORE ORDERED that defendant's motion to compel arbitration (Docket No. 6) be, and the same hereby is, GRANTED.  IT IS FURTHER ORDERED that this case is STAYED pending arbitration.

    The Clerk shall close this file administratively, subject to it being reopened upon the application of either party after arbitration has been fully completed.

Dated:  December 10, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE